UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMES A. WALLINGFORD　　　　　　　　　　　Case No. 1:12-cv-55
MELODY F. WALLINGFORD,

　　　Appellants,　　　　　　　　　　　　　　　Judge Timothy S. Black

vs.

GREEN TREE SERVICING, LLC,

　　　Appellee.

**ORDER: (1) OVERRULING THE ORDER OF THE BANKRUPTCY COURT SUSTAINING THE OBJECTION OF APPELLEE; (2) CONFIRMING APPELLANTS' CHAPTER 13 PLAN; AND (3) TERMINATING THIS CASE FROM THE DOCKET OF THE COURT**

This civil action is before the Court on an appeal from the United States Bankruptcy Court. Specifically before the Court is Appellants' brief (Doc. 6) and the parties' responsive memoranda (Docs. 15, 17).

## I.　PROCEDURAL POSTURE

Appellants appeal an Order of the Bankruptcy Court sustaining an objection to confirmation of their Chapter 13 Plan and an Order denying their motion for reconsideration.

The Debtors/Appellants, James and Melody Wallingford, contend that the Bankruptcy Court erred when it sustained an Objection to the confirmation of Debtors' Chapter 13 Plan filed by Creditor, Green Tree Servicing, LLC. Specifically, the Debtors contend that the Bankruptcy Court erred in finding that their titled Mobile Home

constituted real property and that Green Tree's claim was therefore protected by the anti-modification provisions of 11 U.S.C. § 1322(b)(2).

The following two issues will be addressed by the Court in deciding this Appeal:

(1) What is the definition of real property under Ohio law and how can a mobile home be converted from personal property to real property?

(2) Is a Creditor, whose claim is cross-collateralized by a mortgage on Debtors' Real Property and a lien on Debtors' title Mobile Home which does not meet the definition of real property under Ohio law, entitled to the protections of 11 U.S.C. § 1322(b)(2), which prohibits the modification of the rights of a secured creditor whose claim is "secured only by a security interest in real property that is the debtor's principal residence?"

## II. BACKGROUND FACTS

The Debtors are the owners of a parcel of real estate located at 8045 Yockey Road, Georgetown, Brown County, Ohio 45121 ("Real Property"). The Debtors are also the owners of a 1999 Century Mobile Home ("Mobile Home"). The title to the Mobile Home still exists and has never been surrendered to the Clerk of Court. Green Tree has a claim against the bankruptcy estate which is cross-collateralized by a lien on the title to the Mobile Home and a mortgage on the Real Property.

The Appellants acquired the Real Property with money loaned to them by Homes R Us on May 5, 1998. The mortgage was subsequently assigned to Green Tree on May 7, 1998. Pursuant to terms and conditions of the Note, the Appellants agreed to repay Green Tree the principal sum of $98,016.80 at an interest rate of 7.1% per annum. As security for the loan, the Appellants executed an Open-End Mortgage encumbering the real

property. The Open-End Mortgage was filed for record in the Brown County recorder's office on May 7, 1998. As stated in the Open-End Mortgage, included with the purchase of the real estate was a 1998 72x28 Century Manufactured Home. There is no dispute between the parties that the Manufactured Home's title has not been surrendered to the County.

At the time the Appellants' bankruptcy petition was filed, they were in debt to Green Tree for the sum of $94,714.71. As of the date the bankruptcy petition was filed, the Appellants were in arrears on their account with Green Tree in the amount of $14,868.36. Pursuant to the Appellants' Chapter 13 Plan for reorganization, the Appellants proposed to "cram down"[1] the value of the manufactured home to $20,000 with a value on the real property of $8,000.

On April 1, 2011, the Debtors filed their Petition seeking relief under Chapter 13 of the United States Bankruptcy Code. Because the Debtors' Mobile Home had not been converted to real property, and the Mobile Home still constituted personal property, the Debtors' Plan provided that the Green Tree's claim would be crammed down as it was not protected by the anti-modification provisions of 11 U.S.C. § 1322(b)(2).

Green Tree filed an Objection to Confirmation of the Debtors' Plan on the grounds that the Mobile Home had become real estate and was, therefore, protected by 11 U.S.C. § 1322(b)(2). While Green Tree admitted that the title to the Mobile Home had not been

---

[1] The involuntary imposition by a court of a reorganization plan over the objection of some classes of creditors.

surrendered, it maintained the Mobile Home still constituted real property because it was affixed to the real estate. Therefore, under Ohio common law fixture analysis, Appellants were not permitted to "cram down" Green Tree's security interest in its collateral.

On September 1, 2011, the Court conducted a Confirmation Hearing at which the Debtors and the Creditor stipulated that the Title to the Mobile Home still existed and had never been surrendered to Clerk of Court to become real property. At the conclusion of the Confirmation Hearing, the Court sustained the Objection of the Creditor to Confirmation of the Debtors' Chapter 13 Plan on the grounds that the Mobile Home had become real property because it was affixed to the real property.

### III.    STANDARD OF REVIEW

A federal district court has jurisdiction to hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges." 28 U.S.C. § 158(a).[2] In determining appeals from the Bankruptcy Court, this Court sits as an appellate court and reviews the Bankruptcy Court's conclusions of law *de novo*. *In re Lowenbraun,* 453 F.3d 314, 319 (6th Cir. 2006).

### IV.    ANALYSIS

**A.    What is the definition of real property under Ohio law and how can a mobile home be converted from personal property to real property**

The Bankruptcy Court relied upon *In Re: Cluxton*, 327 B.R. 612 (6th Cir. 2005), in

---

[2] The Debtors filed a motion for leave to appeal and the motion was granted by agreed order. (Doc. 2).

denying confirmation of the Debtors' Plan in this action. In *Cluxton*, the debtors were the owners of a mobile home and the real property on which it was located. The title to the mobile home had been surrendered pursuant to Ohio law. Fifth Third Bank held a mortgage on the property. The debtors' plan provided that the claim of Fifth Third Bank would be modified and crammed down to the fair market value of the real property and the mobile home. The rationale behind the debtors' argument was that the mobile home had not been permanently affixed to the real property and it, therefore, constituted personal property despite the surrender of the title. Fifth Third objected to confirmation, and the Bankruptcy Court sustained the objection, holding that the mobile home had become real estate because the title had been surrendered and the mobile home was permanently affixed to the real estate.

The Bankruptcy Appellate Panel upheld the Bankruptcy Court's decision denying confirmation of the debtors' Chapter 13 Plan. The Panel held that, because the mobile home had been converted to real property by surrendering the title to the Clerk of Court, it had become real property and the creditor's claim was protected by 11 U.S.C. § 1322 (b)(2). "[T]he mobile home lost its status as personal property when the original owners surrendered the certificate of title to the county auditor and the mobile home began to be treated as real property." *In Re: Cluxton*, 327 B.R. at 614-615. The Panel also held that the mobile home had become real property based upon a common law fixture analysis.

Appellee maintains that like in *Cluxton*, the Court should consider a traditional fixture analysis and the intentions of the parties when determining whether the Mobile Home is real or personal property. However, the Court notes a significant difference between *Cluxton* and the instant case. Unlike *Cluxton*, all parties in the case at bar stipulated that the title to the Mobile Home was never surrendered to the Clerk of Courts. In *Cluxton*, the Court only entertained a fixture analysis after it determined the title to the mobile home had been surrendered. Accordingly, the Court finds that *Cluxton* is inapplicable.[3]

In fact, after the decision in *Cluxton*, the Sixth Circuit ruled specifically on the definition of real property under Ohio law and what must be done to convert a mobile home from personal property to real property. *In re Reinhardt*, 563 F.3d 558 (6th Cir. 2009). Detailing what was required to convert a mobile home to real property, the Sixth Circuit stated:

> "Real property" is undefined in the Code. *See* § 101. Under Ohio law, a mobile home is generally considered personal property, and only becomes real property if (1) "the home is affixed to a permanent foundation . . . and is located on land owned by the owner of the home," and (2) "The certificate of title for the mobile home has been inactivated by the clerk of the court of common pleas that issued it."

---

[3] Appellee also cites *In re Davis*, 386 B.R. 182 (6th Cir. 2008), for support, but it too is inapplicable, because the Court never reached the issue of what constitutes real property under Ohio law. Instead, the Court in *Davis* held that 11 U.S.C. § 101(13A) preempted state law and brought all mobile homes, with a title, without a title, attached or unattached to real estate, within the definition of "real estate" for purposes of determining 1322(b)(2) protection of secured creditors. Subsequently, however, in direct contrast to *Davis*, the Court in *In re Reinhardt*, 563 F.3d 558 (6th Cir. 2009), concluded that § 101(13A) did not preempt state law or modify the definition of real property. *Reinhardt* is the most recent Sixth Circuit case that addresses the definition of real property, and, more specifically, the method by which a mobile home can become real property under Ohio law. *See infra*.

*Id.* at 561-62 (*citing* Ohio Rev. Code § 5701.02(B)(2)). *Reinhardt* clearly states that in order for a mobile home to be considered real property, it must be affixed to the land *and* the certificate of title has to have been surrendered.

Additionally, the Ohio legislature codified the definition of "real property" and the manner in which a mobile home can become real property. Ohio Rev. Code § 5701.02. In fact, the legislature specifically excluded any mobile home from the definition of real property which does not meet the requirements of subsection (B)(2):

> "Real property" does not include a manufactured home as defined in division (C)(4) of section 3781.06 of the Revised Code or a mobile home, travel trailer, or park trailer, each as defined in section 450.01 of the Revised Code, that is not a manufactured or mobile home building as defined in division (B)(2) of this section.

Where the Code does not specifically address an issue that arises in bankruptcy, "the bankruptcy court looks to state law, to the extent that it does not conflict with the bankruptcy code[.]" *Giant Eagle, Inc. v. Phar-Mor, Inc.*, 528 F.3d 455, 459 (6th Cir. 2008).[4]

Therefore, the Bankruptcy Court erred in this case by continuing to hold that a mobile home can become real property by surrendering the title *or* by being permanently affixed to the real property.

---

[4] *See also Butner v. United States*, 440 U.S. 48, 55 (1979) ("Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceedings.").

    **B.**    **Is a Creditor, whose claim is cross-collateralized by a mortgage on Debtors' Real Property and a lien on Debtors' title Mobile Home which does not meet the definition of Real Property under Ohio law, entitled to the protections of 11 U.S.C. § 1322(b)(2) which prohibits the modification of the rights of a secured creditor whose claim is "secured only by a security interest in real property that is the debtor's principal residence?"**

    11 U.S.C. Section 1322(b)(2), prohibits the modification of the rights of a secured creditor whose claim is "secured only by a security interest in real property that is the debtor's principal residence." A claim secured, in whole or in part, by personal property, such as a mobile home, is not entitled to protection under 11 U.S.C. § 1322(b)(2). *Nobelman v. Am. Savs. Bank*, 508 U.S. 324 (1993). "Chapter 13 expressly authorizes a bankruptcy court to modify the rights of any creditor whose claim is secured by an interest in anything other than 'real property that is the debtor's principal residence.' 11 U.S.C. § 1322(b)(2)." *Till v. SCS Credit Corp.*, 541 U.S. 465, 475 (2004). Because the mobile home in the instant case does not meet the definition of real property under Ohio law, it cannot be afforded the protections of 11 U.S.C. § 1322(b)(2).

    Accordingly, the Court concludes that in order to convert a mobile home from personal property to real property: (1) the title to the mobile home must be surrendered; *and* (2) the mobile home must be affixed to a permanent foundation on real property owned by the owner of the mobile home. If the mobile home does not meet these conditions, as in the instant case, it remains personal property and any claim encumbering it is not entitled to the anti-modification protections of 11 U.S.C. § 1322(b)(2).

## V. CONCLUSION

Therefore, as explained herein:

1. The Order of the Bankruptcy Court sustaining the Objection to Confirmation of Green Tree is hereby **OVERRULED**;

2. Appellants' Chapter 13 Plan is **CONFIRMED**; and

3. This civil action is hereby **TERMINATED** on the docket of this Court.

**IT IS SO ORDERED.**

Date: 8/31/12                                                                 *s/ Timothy S. Black*
                                                                              Timothy S. Black
                                                                              United States District Judge